**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERIMARK INTERACTIVE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10438 (TMH)<br><br>(Jointly Administered)<br><br>Hearing Date: June 15, 2023 at 2:00 p.m. (ET)<br>Objection Deadline: June 8, 2023 at 4:00 p.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF KELLEY DRYE &
WARREN LLP AS LEAD COUNSEL EFFECTIVE AS OF APRIL 27, 2023**

The Official Committee of Unsecured Creditors (the "Committee") of AmeriMark Interactive, LLC, *et al.*, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the employment of Kelley Drye & Warren LLP ("Kelley Drye") as lead counsel to the Committee effective as of April 27, 2023, pursuant to sections 327, 328(a), and 1103(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the U.S. Trustee Guidelines (as defined below).

In support of this Application, the Committee submits the *Declaration of Eric R. Wilson* (the "Wilson Declaration"), attached hereto as Exhibit B, and the *Declaration of Juan*

---

[1] The Debtors in these Chapter 11 Cases, along with the Debtors' federal tax identification number (if applicable), are: AmeriMark Interactive, LLC (8556), AmeriMark Intermediate Sub, Inc. (0032), AMDRL Holdings, Inc. (8195), AmeriMark Intermediate Holdings, LLC (N/A), AmeriMark Direct, LLC (9045), Dr. Leonard's Healthcare, LLC (0683), and L.T.D. Commodities LLC (4665). The corporate headquarters and the mailing address for the Debtors is 6862 Engle Road, Cleveland, Ohio 44130-7910.

7358055

*Mostek* on behalf of Quad/Graphics Inc. as Chairperson of the Committee (the "Mostek Declaration"), attached hereto as Exhibit C, both of which are incorporated herein by reference. In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over the Debtors' chapter 11 cases (the "Cases") and this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.[2] A proceeding to consider and grant the Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATUTORY BASES FOR RELIEF

2. The statutory predicates for the relief sought herein are sections 327, 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

3. The relief requested is consistent with the U.S. Trustee Guidelines. Compensation sought will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

4. On April 11, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Pursuant to Local Rule 9013-1(f), the Committee hereby confirms its consent to the entry of a final order by this Court in connection with this Application if it is later determined that this Court, absent consent of the parties, cannot enter a final order or judgment with respect to this Application consistent with Article III of the United States Constitution.

2

7358055

5.     On April 25, 2023, the Office of the United States Trustee for Region 3 appointed a 7-member Committee that consists of: (i) American Shipping Co. Inc.; (ii) Clarus Commerce LLC, d/b/a ebbo.; (iii) Great Time International Corp.; (iv) Iterum BPO; (v) Leonard A. Feinberg, Inc.; (vi) Quad/Graphics, Inc.; and (vii) Rich Pacific (H.K.) Limited.[3]

6.     On April 27, 2023, the Committee selected Kelley Drye & Warren LLP as its lead counsel and Porzio Bromberg & Newman ("Porzio") as Delaware counsel.  The same day, the Committee selected Dundon Advisers, LLC ("Dundon") to serve as its financial advisor.

## RELIEF REQUESTED

7.     By this Application, the Committee requests entry of the proposed order, attached hereto as Exhibit A, approving the employment and retention of Kelley Drye effective as of April 27, 2023, which is the date on which the Committee selected Kelley Drye to serve as lead counsel and the date on which Kelley Drye began rendering services to the Committee.  Subject to the terms set forth herein, the Committee seeks to retain Kelley Drye in accordance with Kelley Drye's normal hourly rates in effect when services are rendered and normal reimbursement policies subject to Local Rule 2016-1 and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered by the Court on May 5, 2023 (the "Interim Compensation Order").[4]

## THE RETENTION OF KELLEY DRYE IS WARRANTED

8.     The Committee believes Kelley Drye possesses extensive knowledge and expertise in the substantive areas of law relevant to these Cases and is well qualified to represent the Committee.  In selecting counsel, the Committee sought attorneys with considerable

---

[3]   Docket No. 112.

[4]   Docket No. 171.

3

7358055

experience representing the interests of unsecured creditors in chapter 11 cases of this nature. Kelley Drye has represented unsecured creditors' committees in numerous other Cases. Kelley Drye also has a broad-based practice in other key areas of law relevant to these cases. The Committee believes that Kelley Drye is well qualified to serve as its counsel in these chapter 11 Cases.

9. In addition, by separate applications filed contemporaneously herewith, the Committee also seeks to employ (i) Porzio as Delaware counsel; and (ii) Dundon as financial advisor.

## I.   Scope of Services

10. Kelley Drye will render, among other things, the following legal services to the Committee:

- (a) advise the Committee with respect to its rights, duties and powers in these Cases;

- (b) assist and advise the Committee in its consultations with the Debtors and in connection with the administration of these Cases, the sale of the Debtors' assets, the investigation into historic conduct and transactions that may provide value for creditors, and the ultimate wind-down of the Debtors' estates;

- (c) assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors;

- (d) advise and represent the Committee in connection with matters generally arising in these Cases, including the Debtors' motions to obtain postpetition financing and use cash collateral and sell substantially all of the Debtors' assets;

- (e) appear before this Court, and any other federal or state court;

- (f) prepare, on behalf of the Committee, any pleadings, including motions, memoranda, complaints, objections, and responses to any of the foregoing; and

- (g) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in

4

accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

11. Kelley Drye will coordinate with other estate professionals, including Porzio, Dundon, and the Debtors' professionals, to avoid duplication of efforts.

## II.   Kelley Drye's Disinterestedness and Disclosure Concerning Conflicts of Interest

12. As more fully set forth in the Wilson Declaration attached hereto as Exhibit B, Kelley Drye reviewed the Debtors' list of interested persons and entities annexed to the Debtors' retention applications, and attached as Schedule 1 to the Wilson Declaration. This list was run through Kelley Drye's conflict system consistent with the U.S. Trustee's requirements. Kelley Drye does not represent, or have any other connection with, any of the parties in interest listed herein and on Schedule 1, subject to the disclosures regarding representations in unrelated matters set forth on Schedule 2 to the Wilson Declaration. Kelley Drye does not and will not represent any such interested parties in any matter related to the Debtors or these Cases. The Committee hereby waives any conflict of interest that exists or may exist due to Kelley Drye's representation of such interested parties in matters unrelated to the Debtors.

13. The Committee does not believe Kelley Drye's representation of such entities or their affiliates in unrelated matters will impair Kelley Drye's ability to represent the Committee as counsel in these Cases. The Committee has been informed that Kelley Drye will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. To the extent that Kelley Drye discovers any connection with any interested party or enters into any new relationship with any interested party, Kelley Drye will promptly supplement its disclosure to the Court. Kelley Drye will not, while employed by the Committee, represent any entity having an adverse interest in connection with these Cases.

7358055

14. Based on the Wilson Declaration, the Committee submits that Kelley Drye is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and neither represents nor holds an interest which is adverse to the interests of the Committee, the Debtors or their estates with respect to the matters on which Kelley Drye is to be employed.

### III.    Professional Compensation

15. The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by Kelley Drye in these cases be paid as administrative expenses of the Debtors' estates pursuant to sections 328, 330(a), 331, 503(b), and 507(a) of the Bankruptcy Code.

16. Kelley Drye intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, and any further orders of this Court for all services performed and expenses incurred since April 27, 2023.

17. Kelley Drye's standard hourly rates for attorneys that may work on this matter, subject to adjustment annually in January to reflect economic and other conditions, are as set forth below:

| Title | 2023 Rates |
|---|---|
| Partners | $800 - $1,100 |
| Special Counsel | $480 - $935 |
| Associates | $500 - $865 |
| Paraprofessionals | $270 - $440 |

18. Kelley Drye has advised the Committee that the hourly rates set forth above are subject to annual increases in the normal course of Kelley Drye's business. In the event of any such increase, Kelley Drye will provide the U.S. Trustee and the Committee with notice of any such increase and file a supplemental affidavit (a "Supplemental Affidavit") with the Court. Any

7358055

Supplemental Affidavit will explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code. Pursuant to section B(2)(d) of the U.S. Trustee Guidelines, Kelley Drye will provide justification of the reasonableness of any rate increase.

19. Pursuant to section 328(a) of the Bankruptcy Code, the Committee may retain Kelley Drye on reasonable terms and conditions. The hourly rates set forth above are the firm's standard hourly rates for work of this nature. The firm's standard rates are set at a level designed to compensate the firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

20. Kelley Drye will charge for expenses in a manner and at rates consistent with charges made generally to its other clients and the U.S. Trustee Guidelines, and in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules and Interim Compensation Order. Such expenses include, among other things, long-distance telephone, fax (outgoing only) not exceeding $0.25 per page, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $0.10 per page for black and white and $0.80 for color copies, travel expenses, expenses for computerized research, and transcription costs.

**IV.    Statement Regarding U.S. Trustee Guidelines**

21. In 2013, the Executive Office for the United States Trustee ("EOUST") adopted the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Appendix B Guidelines"). By their terms, the Appendix B Guidelines "apply to the U.S. Trustee's review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original *Guidelines for Reviewing Applications for Compensation Filed Under 11 U.S.C. § 330* (the "Appendix A Guidelines" and, together with the Appendix B Guidelines, the "U.S. Trustee Guidelines") adopted by the EOUST

7358055

in 1996. The Committee and Kelley Drye will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee's Guidelines, both in connection with this Application and the fee applications to be filed by Kelley Drye.

22. The Committee requests approval of the employment of Kelley Drye effective as of April 27, 2023. Such relief is warranted by the circumstances presented by these cases. The Committee's selection of Kelley Drye on April 27, 2023 necessitated that Kelley Drye immediately commence work on time-sensitive matters and promptly devote substantial resources to these cases pending submission and approval of this Application.

23. No prior application for the relief requested herein has been presented to this Court or any other court.

**NOTICE**

24. Notice of this Application has been provided to: (a) proposed counsel to the Debtors: (i) McDonald Hopkins, LLC, 600 Superior Avenue East, Suite 1200, Cleveland, Ohio 44114, Attn: Shawn M. Riley, Esq. (sriley@mcdonaldhopkins.com) David A. Agay, Esq. (dagay@mcdonaldhopkins.com), Sean D. Malloy, Esq. (smalloy@mcdonaldhopkins.com), Joshua Gadharf, Esq. (jgadharf@mcdonaldhopkins.com), Jack Spencer, Esq. (jspencer@mcdonaldhopkins.com), and Ashley Jericho, Esq. (ajericho@mcdonaldhopkins.com), and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1200 Market Street, Wilmington, Delaware 19801, Attn: Derek C. Abbott, Esq. (dabbott@morrisnichols.com), Matthew O. Talmo, Esq. (mtalmo@morrisnichols.com), and Sophie Rogers Churchill, Esq. (srchurchill@morrisnichols.com); (b) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Timothy Fox, Jr, Esq. (timothy.fox@usdoj.gov); (c) secured lenders' professionals, (i) Landis Rath & Cobb LLP, 919

8

7358055

Market Street, Suite 1800, Wilmington, Delaware, Attn: Matthew B. McGuire, Esq. (mcguire@lrclaw.com), (ii) Proskauer Rose LLP Eleven Times Square, New York, New York 10036 Attn: David Hillman (dhillman@proskauer.com) and Megan R. Volin, Esq. (mvolin@proskauer.com); and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Because of the nature of the relief requested, the Committee respectfully submits that no further notice of the Application is necessary or required.

**CONCLUSION**

**WHEREFORE**, the Committee requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> (i) authorizing the Committee to retain and employ Kelley Drye as lead counsel effective as of April 27, 2023; (ii) authorizing payment of such compensation to Kelley Drye as may be allowed by this Court; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: May 25, 2023

        Respectfully submitted,

        THE OFFICIAL COMMITTEE OF UNSECURED
        CREDITORS OF AMERIMARK INTERACTIVE, LLC, *et al.*

        By: _____
        Chairperson of the Official Committee of Unsecured
        Creditors of AmeriMark Interactive, LLC, *et al.* [5]

---

[5] Under the Bylaws of the Official Committee of Unsecured Creditors of AmeriMark Interactive LLC, *et al.*, Quad/Graphics Inc., as Chairperson of the Committee, by and through its representative, has authority to sign documents on behalf of the Committee as appropriate to implement decisions of the Committee made in accordance with the Bylaws.